THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* THOMAS D. OVERTON, Defendant-Appellant.

Third District   No. 75-69

Opinion filed December 21, 1976.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

David DeDoncker, State's Attorney, of Rock Island (James E. Hinterlong, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE BARRY delivered the opinion of the court:

The defendant, Thomas D. Overton, was charged by indictment with armed robbery and was convicted of that offense after a jury trial in the Circuit Court of Rock Island County. The defendant now appeals this conviction. We affirm.

At approximately 11 p.m. on July 5, 1974, two men entered and held up a Burger King Restaurant located on 11th Street in Rock Island. Neither of the men was masked, and one had a gun. They entered the rear of the building after the front doors were locked and cautioned the employees to remain silent. The men removed all the money from one of the two safes and departed, instructing the four employees to begin running to a nearby Zayre's Store. The incident took between and five and 20 minutes.

At the trial, the State presented the testimony of the four occurrence witnesses. Three of the employees, Beverly Davis, Melinda "Sue" Butler and Tami Bollinger, made positive, in-court identifications of the defendant as being the man without the gun.

The first of these witnesses, Beverly Davis, was the night manager of the Burger King, and she testified that she had given a general description of both men to the police, including their attire and noting that the man without the gun had freckles. She also told the police that she had recognized the man without the gun as a person she had seen at the Rock Island High School when she was a student.

Ms. Davis further testified that she was then taken to the Rock Island Police Station and was shown various photographs, including one of the defendant. At no time during direct examination by the State was Ms. Davis asked, nor did she state, that she had made any photo identification on the night in question. However, on cross-examination, the defendant elicited testimony from Beverly Davis that she had identified the defendant from photographs she had been shown by the police.

The next occurrence witness to testify for the State was 16-year-old Melinda Butler. She testified that on the same evening of the robbery, an officer brought over approximately seven "mug shots" for her to examine, including one of defendant. Ms. Butler did not recognize the defendant's picture and concluded, "That wasn't him." Thereafter police officers returned a second time with a number of different photographs including a more recent picture of Thomas Overton and at this time Ms. Butler "thought perhaps that was him [Overton]," but was not certain.

Sixteen-year-old Tami Bollinger, a third occurrence witness, related that, when photographs, including one of the defendant, were displayed to her, she stated that Overton's photograph "resembled" one of the two robbers but she was not certain.

The final occurrence witness, Jesse Garza, stated he could not identify either of the two men and could not select anyone from the group of photographs he was shown that night.

Thereafter, the State called Officer Michael Lage, one of the investigating officers, to the stand. Among other things, Officer Lage testified that he had personally interviewed each of the four occurrence witnesses individually and showed each of them seven "mug" shots for purposes of identification. He testified further that Beverly Davis identified Thomas Overton from the pictures which were displayed. Defense counsel objected to the hearsay nature of this line of questioning, and outside the presence of the jury arguments were heard. The State defended the introduction of the testimony as being corroborative, and the judge overruled the defense objection, allowing the testimony to stand. The defendant also objected to an instruction to the jury to disregard the testimony which the defendant now claims to have been erroneously admitted.

The defendant was arrested for the robbery on July 11, 1974. At the police station, the defendant saw, acknowledged and spoke to Richard Ellis as he was being taken into the cell area of the jail. After the defendant was placed in a separate cell, he shouted to Ellis, "Hey, Ellis. They are trying to hang Frank for what we did." When Ellis indicated that he had not heard him, Overton repeated the statement. When the defendant made the statement Officers William Collins and Darwin Terkelson were present and heard the statement.

The defendant testified in his own behalf denying any involvement in the offense. Mrs. Irene McBride, defendant's guardian, took the stand in the defendant's behalf and stated Overton owned no clothes such as were described by the witnesses for the State.

At the close of all the evidence, the jury returned a verdict of guilty to armed robbery. Following a sentencing hearing, the court sentenced the defendant to a term of not less than 4 nor more than 8 years to the Illinois State Penitentiary.

■■ In this appeal the defendant raises only one issue: Whether the trial court erred in allowing Officer Lage to testify concerning Ms. Davis' photographic identification of the defendant when the State had failed to bring out any testimony about that identification in its direct examination of Ms. Davis. Allowing a witness to testify to another person's out-of-court identification of a defendant is error if this testimony is evoked by the State in direct examination during its case in chief and if the State

seeks to utilize this testimony as a substitute for an in-court identification or to bolster a weak identification, (*People v. Harrison* (1962), 25 Ill. 2d 407, 185 N.E.2d 244; *People v. Simpson* (4th Dist. 1976), 39 Ill. App. 3d 318, 349 N.E.2d 441.) This rule will certainly be applied where the sole basis of guilt is the identification about which the witness testified. (*People v. Townsend* (5th Dist. 1969), 111 Ill. App. 2d 316, 250 N.E.2d 169.) However, where the person making the identification also testifies that such an identification was made (*People v. Coleman* (1st Dist. 1974), 17 Ill. App. 3d 421, 308 N.E.2d 364; *People v. Poole* (1st Dist. 1970), 121 Ill. App. 2d 233, 257 N.E.2d 583; *People v. Smith* (1st Dist. 1970), 105 Ill. App. 2d 8, 245 N.E.2d 23), or where it is supported by a positive identification and other corroborative circumstances (*People v. Canale* (1972), 52 Ill. 2d 107, 285 N.E.2d 133; *People v. Reeves* (1935), 360 Ill. 55, 195 N.E. 443), the admission of such hearsay evidence is not reversible error.

■■ In the case at bar, there were three positive in-court identifications of the defendant. In addition, on cross-examination, the defendant elicited testimony from Ms. Davis that she had made an out-of-court photographic identification of the defendant. Furthermore, there is evidence of statements by the defendant approaching an admission. Since the competent evidence is so overwhelming and proves the defendant's guilt beyond a reasonable doubt, the jury could not have conscientiously arrived at any other verdict. Therefore, the admission of Officer Lage's hearsay testimony concerning Ms. Davis' out-of-court photographic identification of the defendant is harmless error.

Because of our conclusion of harmless error, we do not decide whether the defendant waived his right to appeal this issue due to his objection to an instruction to the jury to disregard the testimony to which the defendant had objected and which is now the basis for this appeal.

Accordingly, we affirm the judgment of the Circuit Court of Rock Island County.

Affirmed.

ALLOY, P. J., and STOUDER, J., concur.